# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GSI COMMERCE, INC.,        : <br><br> Plaintiff,     : <br><br>     : <br> vs.     : <br><br> INTERACTIVE TECHNOLOGY HOLDINGS,   : <br> LLC,     : <br><br> Defendant.     : | CIVIL ACTION NO. _____ |

## COMPLAINT FOR
## DECLARATORY RELIEF AND ACCOUNTING

Plaintiff GSI Commerce, Inc. ("GSI"), by and through its undersigned counsel, as for its Complaint against Defendant Interactive Technology Holdings, LLC ("Interactive"), avers as follows:

1. Plaintiff GSI is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania.

2. GSI brings this action pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)") seeking an accounting, disgorgement of profits and declaratory relief under 28 U.S.C. §2201.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.

4. Venue lies within the Eastern District of Pennsylvania.

5. GSI's common stock is registered under Section 12(g) of the Securities Exchange Act and is traded publicly on the NASDAQ Stock Market.

6.    At all material times, Interactive beneficially owned more than 10% of GSI's outstanding common stock.

7.    In May 2003, Interactive purchased and acquired in the aggregate 147,900 shares of GSI's common stock for aggregate consideration of approximately $482,164.11. The price of the shares of common stock so purchased ranged from $3.00 to $3.30 per share.

8.    Less than six months later, pursuant to a Warrant Exchange Agreement dated July 25, 2003 between GSI and Interactive, Interactive disposed of and cancelled warrants to purchase an aggregate of 4,500,000 shares of GSI's common stock in exchange for 1,650,000 shares of GSI's common stock from GSI. The last sale price for GSI's common stock at the time of the exchange was $9.27 per share as reported on the NASDAQ Stock Market.

9.    GSI believes and therefore avers that the aforementioned transactions resulted in a profit to Interactive contravening Section 16(b), which profit is payable over to GSI.

10.    GSI has demanded from Interactive all profits made from the transactions that contravened Section 16(b).

11.    Interactive claims that the transactions did not contravene Section 16(b) as the disposition of the warrants by Interactive constituted a transaction exempt from Section 16(b) pursuant to SEC Rule 16b-3(e).

12.    Interactive has maintained that it has no liability for these transactions and, alternatively, has maintained that if liability exists then the profits to be disgorged are less than the amount calculated by GSI.

-2-

103315.00100/11265043v3

## COUNT I
### Declaratory Relief

13.     GSI incorporates by reference all of the preceding allegations of the Complaint.

14.     The dispute as to whether Interactive's transactions violate Section 16(b) constitutes an actual, substantial and justiciable controversy.

WHEREFORE, GSI respectfully requests that this Court enter judgment:

(1)     Determining whether the transactions alleged herein violate Section 16(b);

(2)     Determining whether the transactions alleged herein are exempt from Section 16(b) pursuant to SEC Rule 16b-3(e) or any other legal authority;

(3)     Granting GSI the costs and expenses of this action, including reasonable counsel and accountants' fees; and

(4)     Granting GSI such other and further relief as the Court deems just and proper.

## COUNT II
### Accounting and Disgorgement

15.     GSI incorporates by reference all of the preceding allegations of the Complaint.

16.     Should it be determined that Interactive is liable to GSI pursuant to Section 16(b), then Interactive is accountable to GSI for any profits it made from the aforementioned transactions pursuant to Section 16(b).

17.     The precise amount of Interactive's profit is unknown to GSI and should be determined on an accounting.

18.     GSI has no adequate remedy at law.

103315.00100/11265043v3

WHEREFORE, GSI respectfully requests that this Court enter judgment:

(1)    Requiring Defendant to account for the profits alleged herein and to pay the amount of such profits to GSI;

(2)    Granting GSI the costs and expenses of this action, including reasonable counsel and accountants' fees; and

(3)    Granting GSI such other and further relief as the Court deems just and proper.

BLANK ROME LLP

BY: _____
NORMAN E. GREENSPAN
Identification No. 17631
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Attorneys for Defendant GSI Commerce, Inc.

Dated: November 3, 2003

-4-

## DISCLOSURE STATEMENT PURSUANT TO RULE 7.1

Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant, GSI Commerce, Inc., states that no publicly held corporation owns ten percent or more of its stock.

BLANK ROME LLP

BY: _____
NORMAN E. GREENSPAN
Identification No. 17631
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Attorneys for Defendant GSI Commerce, Inc.

DATED:  November 3, 2003

103315.00100/11265043v3